UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MQC HOLDINGS, LLC | CIVIL ACTION NO. |
| VERSUS | SECTION |
| OCEAN HARBOR CASUALTY INSURANCE COMPANY | |

*************************************************************************

## COMPLAINT FOR DAMAGES, BREACH OF CONTRACT AND BAD FAITH, AND ALL OTHER RELIEF AND COMPENSATION

NOW INTO COURT, through undersigned counsel, comes complainant, MQC HOLDINGS, LLC (hereinafter "Complainant"), and files this Complaint for Damages, Breach of Contract, Bad Faith pursuant to La. R.S. 22:1892, LA. R.S. 22:1973, La. R.S. 22:41, et seq., and all other sources of legal and statutory law pursuant to which Complainant may recover, against Defendant, OCEAN HARBOR CASUALTY INSURANCE COMPANY (hereinafter "Defendant"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is MQC HOLDINGS, LLC domiciled at 2608 DUBLIN ST. NEW ORLEANS, LA 70118 in Orleans Parish.

Made Defendants herein are:

2. OCEAN HARBOR CASUALTY INSURANCE COMPANY, a foreign insurer who is authorized to do and is doing business in the State of Louisiana and the Parish of Orleans and is domiciled at 2549 Barrington Circle Tallahassee, FL 32308, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### II. JURISDICTION AND VENUE

3. Jurisdiction and Venue are proper in this Court, which has subject-matter jurisdiction under 28 USC § 1332 based on diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

III. RELEVANT FACTS

4. At all times relevant hereto, Complainant owned property at 4627-29 Frances St., covered by a policy of insurance, policy number DP0130724-00 Account Holder MQC Holdings, LLC, and Insured Location 4627-29 Frances St., which Defendants provided, and which covered the Property against all perils pertinent to the instant action, as declared in the policy:

COVERAGE(S) FOR WHICH PREMIUM WAS PAID:

Coverage A – Dwelling          $137,000

Because the policy document, on its face, misrepresents coverages afforded by the policy, Plaintiff herein alleges and brings a claim for misrepresentation and alleges that the policy document alone, is a violation of the insurance code provisions, including but not limited to La. R.S. 22:1892, LA. R.S. 22:1973, La. R.S. 22:41, et seq.

5. On or around 08/29/2021 significant damages were sustained by Complainant to property covered by the policy.

6. Immediately following the storm's passing, Complainant promptly reported the loss to Defendants, who assigned it a claim number, yet failed to comply with the law relative to timely loss adjustment, failed to conduct a thorough or adequate inspection necessary to adjust the loss and act in good faith, and failed to satisfy their legal and contractual duties of good faith and fair dealing.

7. Due to the severity of the damage, and the dire conditions in the area, Complainant was forced to evacuate and incurred additional living expenses and out of pocket expenses in order to mitigate the damages. These actions were more than reasonable, fully discharged any duty the insured Complainant had, all of which inured to the benefit of the Defendant in this action.

8. Complainant is being forced to file the instant suit, to recover against the Defendant for their clear bad faith and failure to tender adequate amounts pursuant to the policy of insurance that they issued and accepted all premiums for.

10. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

11. Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

12. A demand for the release of unconditional tenders was sent to Defendant, along with requests for information and including invoices and other documents substantiating damages in excess of the policy limits.

13. This submission further constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

14. No or insufficient amounts of money have been offered by Defendant with no explanation for the failures have been proffered.

15. As a result of Defendant's failure to timely and adequately compensate Complainant for his substantial losses, property remains out of use, and costs Complainant money daily. In addition to these compounding financial losses, Defendant's actions trigger Louisiana's Bad Faith Penalties, making them liable for additional penalties.

16. Upon information and belief, Defendant's failure to timely and adequately compensate Complainant for his loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

17. Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973 and La. R.S. 22:41 et seq.

18. Complainant has incurred and still incurs additional expenses as a result of Defendant's failure to timely compensate him for his substantial and covered losses.

### III. CAUSES OF ACTION

A. Breach of the Insurance Contract

19. Complainant realleges and re-avers the allegations contained in paragraphs 1-18, above, as if restated herein.

20. An insurance contract, the Policy, exists between Complainant and Defendant.

21. The Policy provides coverages for the losses sustained and described herein.

22. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

23. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Defendants' inspection, Defendants breached the Policy.

24. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of estimates and photographs, Complainant's contents list, and Complainant's documented additional expenses Defendant breached the Policy.

25. By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, Defendant breached the Policy.

26. By failing to conduct the claims handling for Complainant's Claim in good faith and with fair dealing, Defendant breached the Policy.

27. Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

B. Bad Faith

28. Complainant realleges and re-avers the allegations contained in Paragraphs 1-27, above, as if restated herein.

29. The actions and/or inactions of Defendants in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendants liable for statutory bad faith penalties.

30. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

31. "[F]ailing to pay the amount of any claim due any person insured by the contract within thirty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

32. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

33. Defendants is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with their claim, despite having received satisfactory proof

of loss following its own inspections of the Property and following its receipt of independent proofs of loss.

34. Defendants' misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

35. Defendants' failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

36. Defendants' failure to pay timely for damages it knew, or should have known, existed at the time it received estimates and photographs and Complainant's contents list and documented additional costs was in bad faith.

37. Defendants' handling of Complainant's Insurance Claims was in bad faith.

## IV. DAMAGES

38. Complainant realleges and re-avers the allegations contained in the numbered Paragraphs, above, as if restated herein.

39. As a result of Defendants' breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a.  Diminution of the value of the Property;

b.  Actual repair costs;

c.  Reimbursement for repairs and replacement of the Property;

e.  Additional expenses;

f.  Mental anguish;

g.  Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h.  Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

40. Complainant requests a trial by jury.

WHEREFORE, Complainant MQC Holdings, LLC prays that, Defendant be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, and against Defendants, in an amount that will fully and fairly compensate Complainant

pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

Justin L. Winch, Esq.
*Attorney, Member*
WINCH LAW FIRM, LLC
324 18th St
New Orleans, LA 70124
Cell:   (504) 214-3400
justin.winch@winchlawfirm.com

PLEASE SERVE:

OCEAN HARBOR CASUALTY INSURANCE COMPANY
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809